UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CRENSHAW, | 1:16-CV-765-LJO-BAM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS |
| v. | |
| MACY'S, INC., et al., | |
| Defendants. | (Doc. 5) |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

1

the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff John Crenshaw brings this products liability case against Macy's, Inc. ("Defendant"), Sunham Home Fashions, LLC ("Sunham"), and Kam Hing Enterprises, Inc. ("KHE"), alleging, among others, three claims for violation of (1) California Business & Professions Code §§ 17200 ("§ 17200"), et seq.; (2) California Business & Professions Code § 17500 ("§ 17500"), et seq.; and (3) California Civil Code § 1750 ("§ 1750"), et seq. Defendant moves under Fed. R. Civ. P. 12(b)(6) to dismiss these claims and Plaintiff's request for punitive damages associated with his § 1750 claim. For the following reasons, the Court GRANTS the motion.

## III. FACTUAL AND PROCEDURAL HISTORY[1]

In May 2014, Plaintiff went to one of Defendant's stores. Doc. 3, Complaint ("Compl.") at ¶ 9. "Plaintiff saw an advertisement in the [] store for a 'skid resistant' bathroom mat . . . [T]he 'skid resistant' advertisement was made on the mat packaging." *Id.* at ¶ 10. Defendants Sunham and/or KHE manufactured the packaging. *Id.* at ¶ 10. "Based on the 'skid resistant' notation, Plaintiff purchased several of the bathroom mats . . . for use at his home, in his bathroom." *Id.* at ¶ 12. "Except for the advertisement that the mats were 'skid resistant,' Plaintiff would not have purchased and utilized the bathroom mats." *Id.* at ¶ 14.

Plaintiff alleges the mats "are not 'skid resistant,' especially when they become wet." *Id.* at ¶ 13. "At some point . . . Plaintiff exited his shower and stepped onto one of the . . . mats," which "slipped out from under [him]." *Id.* at ¶ 14. Plaintiff fell to the floor and severely injured himself. *Id.* Plaintiff therefore claims the mats "were inherently unsafe, as they were not 'skid resistant' as advertised." *Id.* at ¶ 15.

---

[1] The following facts are drawn from Plaintiff's complaint and are assumed as true for purposes of Defendant's motion. *See Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Plaintiff's causes of action under §§ 17200, 17500, and 1750 are premised on the same allegations. Plaintiff alleges Defendant knew or should have known that, though the "mats are marketed as 'non skid' or 'skid resistant' . . . they are not, in fact, 'non skid' or 'skid resistant.'" *Id.* at ¶¶ 29-30, 36-38, 45-46. Plaintiff claims the mats have no skid-resisting properties, but "are mere decoration and have no safety features." *Id.* at ¶¶ 30, 39, 48. Plaintiff therefore asserts Defendant's advertising and selling the bathroom mats as "skid resistant" "constitutes an unlawful, unfair, or fraudulent business act[] or practice[] because the bathroom mats are unsafe, and are not safety equipment as described or implied in the advertisements." *Id.* at ¶¶ 31, 38, 47.

Defendant now moves to dismiss these three causes of action for failure to state a claim.

## IV. STANDARD OF DECISION

A motion to dismiss pursuant to Federal Rule of Civil Procedure[2] 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

---

[2] Unless otherwise noted, all further references to "Rules" are to the Federal Rules of Civil Procedure.

more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. ANALYSIS

To state a claim under either § 17200 or § 17500 premised on the statements made on the mats' packaging, Plaintiff must allege facts showing that Defendant knew or should have known that the statements are untrue or misleading. *See Nat'l Council Against Health Fraud, Inc. v. King Bio. Pharms., Inc.*, 107 Cal. App. 4th 1336, 1342 (2003); *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2006). Likewise, to state a claim under California Civil Code § 1770,[3] Plaintiff must allege facts showing Defendant engaged in an "unfair or deceptive act[] or practice[]." Cal. Civ. Code § 1770(a).

Defendant notes that "[n]owhere in the Complaint did [P]laintiff allege that [D]efendant was involved in making any representation as to the labelling of the mat." *Id.* Defendant therefore argues that

---

[3] Plaintiff clarifies in his opposition that his § 1750 claim is premised on Defendant's alleged violation of California Civil Code § 1770(a). *See* Doc. 10 at 15.

Plaintiff's challenged claims fail because they are premised entirely on the allegedly misleading advertisement that the mats are "skid resistant" or "non skid" contained on the mats' packaging, which Plaintiff identifies as manufactured exclusively by Sunham or KHE. *See* Doc. 5 at 7.

The Court agrees. As stated in his complaint, Plaintiff's claims are premised exclusively on allegedly misleading statements contained on the mats' packaging,[4] and Plaintiff alleges that only Sunham and KHE were involved with the manufacture of the packaging. Accordingly, as currently alleged, Defendant cannot be liable for claims premised on the allegedly misleading nature of the statements on the mats' packaging. Plaintiff's third, fourth, and fifth causes of action therefore fail to state a claim. The Court therefore DISMISSES the claims, as well as Plaintiff's corresponding request for punitive damages under § 1750.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS WITH LEAVE TO AMEND Defendant's motion to dismiss (Doc. 5). Any amended pleading shall be filed on or before August 20, 2016.

IT IS SO ORDERED.

Dated:   **July 21, 2016**            /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE

---

[4] The Court acknowledges that the critical allegation here, paragraph 10 of the complaint, is ambiguous. As Plaintiff argues in his opposition, that paragraph could possibly be read to allege that Plaintiff saw one of Defendant's advertisements in the store for a "skid resistant" bathroom mat and *also* saw "skid resistant" advertising on the mat's packaging. But because that specificity is dispositive—and lacking—here, Plaintiff's claims fail.