UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN CRENSHAW,** | 1:16-CV-00765-LJO-BAM |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO REMAND (Doc. 7)** |
| v. | |
| **SUNHAM HOME FASHIONS, LLC, KAM HING ENTERPRISES, INC., MACY'S, INC and DOES 1 through 50, inclusive,** | |
| **Defendants.** | |

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2016, Plaintiff John Crenshaw ("Plaintiff") filed a complaint in the Superior Court of California for the County of Fresno against Defendants Sunham Home Fashions, LLC ("Sunham"), Kam Hing Enterprises, Inc. ("KHE"), and Macy's, Inc. ("Defendant") (collectively, "Defendants"), and Does 1-50, for the injuries he sustained after he slipped and fell while using a mat he had purchased at a Macy's retail store. Doc. 3, Ex. A, Complaint ("Compl.").

In an attempt to remove this matter to federal court, on May 31, 2016, Defendant filed a civil cover sheet in this Court, which he labeled a "Notice of Removal." Doc. 8 at 2. On June 1, 2016, the Clerk of Court notified Defendant that the filing was defective. Doc. 2 ("CLERK'S NOTICE to Attorney Alexandra Seibert re Notice of Removal: Your filing is entitled Notice of Removal, however, the actual document attached is a Civil Cover Sheet. Please file your Notice of Removal."). In response, Defendant filed a Notice of Removal of the case to this Court on May 3, 2016, asserting jurisdiction exists because the parties are completely diverse and Plaintiff seeks more than $75,000 in damages. *See* Doc. 3 at 2; 28 U.S.C. §§ 1332, 1441; Doc. 3, Ex. B. Defendant asserts that it is a New York corporation with its

principal place of business in Cincinnati, Ohio; Sunham is a New York corporation with its headquarters and principal place of business in New York City, New York; and KHE is a New Jersey corporation, which does not have its principal place of business or headquarters in California. Doc. 3 at 2.

On June 13, 2016, Plaintiff moved to remand this case to the Superior Court. Doc. 7 at 1. Plaintiff argues that (1) Defendant's notice of removal was untimely; (2) all Defendants have not consented to removal; and (3) complete diversity of all parties is not evident on the face of the complaint. *Id.* Plaintiff therefore moves for fees under 28 U.S.C. § 1447(c). Defendant contends its removal was proper. *See* Doc. 12 at 6.

The Court took the matter under submission on the papers pursuant to Local Rule 230(g). Doc. 17. For the following reasons, the Court DENIES Plaintiff's motion to remand and corresponding request for attorney's fees.

## II. **STANDARD OF DECISION**

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). The removal statute is strictly construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). A defendant always has the burden of establishing that removal is proper. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Federal jurisdiction therefore must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. **DISCUSSION**

### A. Defendant's Removal Was Timely.

Plaintiff bases his motion to remand primarily on the ground that Defendant's removal notice was untimely filed and therefore failed to meet the requirements of 28 U.S.C. § 1446(b). Doc. 7 at 4. Plaintiff does not dispute that Defendant's removal, if timely, would have been proper. Doc. 14 at 4.

Plaintiff claims that Defendant's motion was untimely filed because Defendant was served with the complaint on April 29, 2016, the 30-day removal deadline provided by 28 U.S.C. § 1446(b) fell on June 1, 2016, and Defendant filed a sufficient notice of removal on June 2, 2016. Doc. 7 at 3.

Section 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

To trigger this thirty-day period, the facts supporting removal must appear on the face of the complaint. *Harris*, 425 F.3d at 694. "To avoid saddling defendants with the burden of investigating jurisdictional facts . . . the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (quoting *Harris*, 425 F.3d at 695).

Here, grounds for removal are not apparent on the face of Plaintiff's complaint because Plaintiff did not allege that the parties are completely diverse.[1] Doc. 3, Ex. A, Compl; 28 U.S.C. § 1332. Specifically, Plaintiff failed to allege facts regarding KHE's citizenship. Plaintiff only alleged KHE "is . . . a corporation, which does business in California, and throughout the United States." Compl. at ¶ 3. Because the complaint lacked grounds for removal on its face, it did not trigger § 1446(a)'s 30-day deadline for removal. *See Kuxhausen*, 707 F.3d at 1139.

"[A] defendant 'who has not lost the right to remove because of a failure to timely file a notice of removal . . . may remove to federal court when it discovers, based on its own investigation, that a case is removable.'" *Calloway v. Affiliated Computer Servs., Inc.*, No. 2:13-CV-01648-KJM, 2014 WL 791546, at *3 (E.D. Cal. Feb. 25, 2014) (quoting *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013)). Through its own investigation, Defendant determined on May 18, 2016 that

---

[1] There is no dispute that diversity is the only ground for this Court's jurisdiction.

Sunham is a New Jersey corporation. Doc. 12 at 4. Accordingly, Defendant's removal was timely. *See Harris*, 425 F.3d at 697; 28 U.S.C. § 1446(b)(3) (defendant may remove case within 30 days of determining it is removable).

### B.  Consent by All Defendants Is Not Required for Removal.

Plaintiff claims Defendant's removal nonetheless was improper because Sunham and KHE did not consent to removal. Doc. 8 at 2. Defendant argues it was not required to obtain KHE's or Sunham's consent to remove this case because neither had been served with Plaintiff's complaint at the time of Defendant's removal. Plaintiff has failed to dispute this.[2] All defendants who have been "properly . . . served in the action" must join a petition for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (citation omitted); 28 U.S.C. § 1441(b)(2). "[A] party not served need not be joined" in a removal petition. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Because Sunham and KHE had not been properly served at the time of Defendant's removal, Defendant was permitted to remove this case without their consent. *See id.*

### IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Plaintiff's motion to remand (Doc. 7). Accordingly, Plaintiff's request for attorney's fees is DENIED.

IT IS SO ORDERED.

Dated:   **July 22, 2016**          /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE

---

[2] Plaintiff's attorney testifies that: "Both Sunham . . . and [KHE] were served on or about May 29, 2016, but as of the filing of this document, I do not have the copies of the proof of service on either." Doc. 8, Declaration of Andrew Magwood, at ¶ 8. As of June 28, 2016, counsel for Defendant had not been served with the proofs. Doc. 13, Declaration of Matthew Noel, at ¶ 6. To date, Plaintiff has not provided proofs of service of his complaint on KHE or Sunham.